43 F.3d 1469
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie WOODARD, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest WOODARD, a/k/a Monkey, Defendant-Appellant.
 Nos. 94-5290, 94-5291.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 26, 1994.
Decided Nov. 10, 1994.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Senior District Judge. (CR-93-42-P)
 J. Douglas Hill, Charlotte, N.C., for appellant Willie Woodard; Randolph M. Lee, Law Offices of Randolph Lee, Charlotte, N.C., for appellant Ernest Woodard.
 Mark T. Calloway, U.S. Atty., Gretchen C. F. Shappert, Asst. U.S. Atty., Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 The appellants in this case are two brothers who were convicted of conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. Secs. 841(a)(1) and 846 following a jury trial in the United States District Court for the Western District of North Carolina. We affirm.
 
 
 2
 On appeal, appellants raise three issues. First, appellant Willie Woodard ("Willie") argues that the district court abused its discretion in refusing his request that his court-appointed lawyer be replaced. Willie did not seek replacement until February 1, 1994, the first day of the trial. The only argument Willie offered in favor of the request was an assertion that his appointed lawyer colluded with the prosecutor. There is no basis in the record for that assertion, nor does Willie offer any support for his contention. Because Willie failed to demonstrate "good cause" for a substitution, the trial court did not abuse its discretion in denying the motion. United States v. Gallop, 838 F.2d 105, 108 (4th Cir.), cert. denied, 487 U.S. 1211 (1988).
 
 
 3
 Secondly, Willie asserts that the district court abused its discretion in denying his request for subpoenas to be issued to all ten codefendants in this conspiracy case. This request came less than one week prior to the trial date. Moreover, Willie failed to make the required showing "that the presence of the witness [was] necessary to an adequate defense." Fed.R.Crim.P. 17(b). Nor does anything in the record demonstrate such a necessity. This, coupled with the unexplained lateness of the request, makes it clear that the trial judge did not abuse his discretion in denying the subpoena request.
 
 
 4
 Finally, appellant Ernest Woodard ("Ernest") argues that the district court erred in denying his motion for acquittal at the close of the trial. See Fed.R.Crim.P. 29(a). Such a challenge to the sufficiency of the evidence to sustain the conviction requires that we examine all of the evidence presented in the light most favorable to the government. Jackson v. Virginia, 433 U.S. 307, 319 (1979). During the trial, the government presented a significant amount of evidence as to the existence of the conspiracy and Ernest's participation therein. The government offered a total of ten witnesses, including five coconspirators who gave direct testimony as to Ernest's involvement in the conspiracy.* Furthermore, the defense offered no witnesses to rebut the government's case. Especially when viewed in the light most favorable to the government, the trial judge was clearly justified in finding that there was sufficient evidence to submit the case to the jury. Id.
 
 
 5
 Accordingly, we affirm both convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note that "the law in this Circuit is well settled that uncorroborated testimony of an accomplice [in and of itself] may be sufficient to sustain a conviction." United States v. Manbeck, 744 F.2d 360, 392 (4th Cir.1984), cert. denied sub nom. O'Hare v. United States, 469 U.S. 1217 (1985)